IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | : |
|     Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| SOUTH JERSEY INDUSTRIES, INC., JOSEPH M. RIGBY, MICHAEL J. RENNA, SARAH M. BARPOULIS, VICTOR A. FORTKIEWICZ, SHEILA HARTNETT-DEVLIN, G. EDISON HOLLAND, SUNITA HOLZER, KEVIN O'DOWD, CHRISTOPHER PALADINO, and FRANK L. SIMS, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On February 24, 2022, South Jersey Industries, Inc. ("SJI" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by NJ Boardwalk Holdings LLC ("Boardwalk") and Boardwalk Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, SJI's stockholders will receive $36.00 in cash per share.

3. On April 11, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4.      As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.      Plaintiff is and has been continuously throughout all relevant times the owner of SJI common stock. Plaintiff resides in this District.

9.      Defendant SJI is a New Jersey corporation. SJI's common stock is traded on the New York Stock Exchange under the ticker symbol "SJI."

10.     Defendant Joseph M. Rigby is Chairman of the Board of Directors of SJI (the "Board").

11.     Defendant Michael J. Renna is President, Chief Executive Officer, and a member

of the Board.

12. Defendant Sarah M. Barpoulis is a member of the Board.

13. Defendant Victor A. Fortkiewicz is a member of the Board.

14. Defendant Sheila Hartnett-Delvin is a member of the Board.

15. Defendant G. Edison Holland is a member of the Board.

16. Defendant Sunita Holzer is a member of the Board.

17. Defendant Kevin O'Dowd is a member of the Board.

18. Defendant Christopher Paladino is a member of the Board.

19. Defendant Frank L. Sims is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

21. SJI is an energy infrastructure holding company that delivers energy services to customers.

22. The Company's services include regulated natural gas utility operations and non-utility operations primarily focused on clean energy development and decarbonization via renewable energy productions and energy management activities.

23. On February 23, 2022, SJI entered into the Merger Agreement.

24. The press release announcing the Proposed Merger provides as follows:

South Jersey Industries, Inc. (NYSE: SJI) (SJI) and the Infrastructure Investments Fund (IIF), a private investment vehicle focused on investing in critical infrastructure assets, today announced that they have entered into a definitive agreement under which IIF will purchase SJI for $36.00 per share in cash, reflecting an enterprise value of approximately $8.1 billion.

"As energy markets across the U.S. and New Jersey accelerate the transition toward low carbon and renewable energy, the SJI Board determined that now is the

opportune time to join forces with IIF," said Mike Renna, President and CEO, SJI. "IIF is a trusted partner and long-term investor in utility and renewable energy companies, and together we will be well positioned to execute on SJI's clean energy and decarbonization initiatives in support of the environmental goals of our State and region. In addition, as a private company and with IIF's support, we will have additional resources to continue to modernize our critical infrastructure, maintain our high standard of customer service at reasonable rates, and further enhance the safety, reliability and sustainability of our businesses."

Mr. Renna continued, "This transaction is a testament to the achievements of our employees, and we are pleased that IIF recognizes the strength of our workforce and culture and shares our commitment to supporting the communities we serve. I would like to thank each of our employees for all they do each day to contribute to the success of SJI. I look forward to building on our strong foundation together."

IIF's long-term approach to investing in utility and infrastructure assets is directly aligned with SJI's mission to "build a better today and tomorrow" for the more than 700,000 families and businesses SJI serves, while continuing to support its 1,100-employee workforce and the communities in which SJI operates. SJI and IIF will work together to advance SJI's sustainability goals while SJI continues to provide excellent customer service, maintains an outstanding team and culture, and delivers on its commitment to improving the quality of life for all those who live and work in the communities it serves.

Andrew Gilbert, Investment Principal to IIF, said, "SJI has established itself as a leader among its peers, distinguished by the strength of its utilities and ability to provide quality service to its customers. SJI's long track record of investing in sustainability and clean energy initiatives has translated into a clear competitive advantage. We believe our expertise, resources and experience can help SJI further build on its leading position in the industry. We have great respect for SJI's talented team and look forward to partnering with them to safely provide clean and reliable energy to the communities of New Jersey."

**Leadership and Headquarters**

Following the close of the transaction, SJI will remain locally managed and operated with headquarters in Folsom, New Jersey. Mike Renna will continue as Chief Executive Officer and the current management team will continue to lead SJI.

**Terms of the Transaction**

The per share purchase price of $36.00 represents a 46.3% premium to SJI's 30-day VWAP as of February 23, 2022, the last trading day prior to the announcement of the agreement. The transaction was unanimously approved by SJI's Board of Directors and is expected to close in the fourth quarter of 2022, subject to the approval of SJI's shareholders, the receipt of regulatory approvals, including by the

New Jersey Board of Public Utilities, and other customary closing conditions. Dividends payable to SJI shareholders are expected to continue in the ordinary course until the closing, subject to approval by SJI's Board of Directors. Upon completion of the transaction, SJI's shares will no longer trade on the New York Stock Exchange, and SJI will become a private company.

**Advisors**

BofA Securities is acting as exclusive financial advisor and Gibson, Dunn & Crutcher LLP is acting as legal advisor to SJI. Centerview Partners is acting as exclusive financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor to IIF. In addition, IIF has a committed bridge financing facility in place led by KeyBanc Capital Markets and PNC Capital Markets to support the transaction.

25. On April 11, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

## Financial Projections

26. The Proxy fails to disclose material information regarding SJI's financial projections, specifically: the line items underlying the projections.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

## Financial Analyses

28. The Proxy fails to disclose material information regarding the financial analyses conducted by BofA Securities ("BofA"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

29. Regarding BofA's Discounted Cash Flow Analysis – WholeCo, the Proxy fails to disclose: (i) the terminal values utilized by BofA; and (ii) the inputs and assumptions underlying the discount rates and multiples utilized by BofA.

30. Regarding BofA's Discounted Cash Flow Analysis – Utility Segment, the Proxy fails to disclose: (i) the terminal values utilized by BofA; and (ii) the inputs and assumptions underlying the discount rates and multiples utilized by BofA.

31. Regarding BofA's Discounted Cash Flow Analysis – Non-Utility Segment, the Proxy fails to disclose: (i) the terminal values utilized by BofA; and (ii) the inputs and assumptions underlying the discount rates and multiples utilized by BofA.

32. Regarding BofA's Wall Street Analysts Price Targets analysis, the Proxy fails to disclose: (i) the price targets utilized by BofA; and (ii) the sources of the price targets utilized by BofA.

## COUNT I

**Claim Against the Individual Defendants and SJI for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

33. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

35. SJI is liable as the issuer of these statements.

36. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

37. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

39. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

40. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

41. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

42. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

43. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of SJI within the meaning of Section 20(a) of the Exchange Act as alleged herein.

45. Due to their positions as officers and/or directors of SJI and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control,

7

directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

48. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

49. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

50. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

51. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

52. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

  B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

  C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

  D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 18, 2022

          **GRABAR LAW OFFICE**

        By: _/s/ Joshua H. Grabar_
          Joshua H. Grabar (#82525)
          One Liberty Place
          1650 Market Street, Suite 3600
          Philadelphia, PA 19103
          267-507-6085
          jgrabar@grabarlaw.com

          *Counsel for Plaintiff*